IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| WESTLY E. BALTHROP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.: GLS-21-1107 |
| | ) | |
| MONTGOMERY COUNTY, | ) | |
| MARYLAND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

By filing a Complaint, *pro se* Plaintiff Westly Balthrop ("Plaintiff") has brought an action against his former employer Defendant Montgomery County ("The County" or "Defendant"). (ECF No. 1). Although Plaintiff has not clearly articulated his claims for relief, his Complaint appears to allege that the Defendant failed to accommodate his disability, in violation of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §§ 12101, 12112-12117. (ECF No. 1, p. 6).

Pending before the Court is Defendant's "Motion to Dismiss or, Alternatively, for Summary Judgment," and a memorandum in support thereto ("Motion" and "Memorandum") (ECF Nos. 33, 33-1). The Court finds that no hearing is necessary, as this matter has been fully briefed. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth more fully herein, the Court will deny the Motion.

1

I.   **FACTUAL BACKGROUND**[1]

A.  **Plaintiff's Allegations**

On December 21, 1998, the Montgomery County Alcohol Beverage Services ("ABS")[2] hired Plaintiff to work as a truck driver. (ECF No. 33-2, p. 1).[3] According to the Complaint, Plaintiff was diagnosed with a hip impairment in March 2018, and in November 2018, Plaintiff was diagnosed with Bilateral Aseptic Vascular Necrosis. (ECF No. 1, ("Complaint"), p. 6). In March 2019, Plaintiff was "removed" from his position as a truck driver and placed on a light duty post prior to surgery. (Complaint, p. 6).

In April 2019, Plaintiff was offered a reclassification from his previous role as an ABS Truck Driver to a role as a liquor store clerk. (Complaint, p. 6). At that time, Plaintiff understood that his job had already been reclassified, and that after his recovery he would have to visit Montgomery County Occupational Medical Services (OMS) to obtain clearance to report to work. (ECF No. 35, "Opposition," p. 2).

On May 6, 2019, Plaintiff had a total right hip replacement. On May 24, 2019, Plaintiff was "dismissed from Montgomery County DLC" and "reinstated on out service disability" benefits, which he was to receive until he was released from medical duty. (Complaint, p. 6).

In July 2019, upon learning that he had instead been placed on permanent disability, Plaintiff was advised by a case worker in the retirement division to communicate that he wanted

---

[1] The facts in this section are taken from the Complaint, the Opposition, and other documents that this Court finds integral to the Complaint: ECF Nos. 1-1, 33-5, 35. *See* Sections III.A. and III.D.  In addition, this Court assumes Plaintiff's version of facts to be true and construes the facts in the light most favorable to Plaintiff, the non-moving party. *See Baltimore Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 584 (D. Md. 2019) ("In reviewing a 12(b)(6) motion, a court must accept as true all of the factual allegations contained in the complaint and must draw all reasonable inferences from those facts in favor of the plaintiff").

[2] In 2019, the Department of Liquor Control ("DLC") changed its name to the Alcohol and Beverage Services ("ABS"). *See Alcohol Beverage Services*, https://www.montgomerycountymd.gov/ABS/AboutABS.html.

[3] This fact does not appear to be in dispute.

to "tak[e] the reclassification," not permanent disability benefits. (Complaint, p. 6).  Plaintiff did so, but states that he was placed on permanent disability anyway. (*Id.*).

On July 7, 2020, Plaintiff contacted the EEOC alleging "Charges of Discrimination against Montgomery County," and in January 2021, he contacted the EEOC again alleging a "Charge of Disability Discrimination." (*Id.*).

In November 2020, Plaintiff took a physical for OMS. (*Id.*). The OMS doctor who evaluated him, Dr. Sylvester, told him that he was going to recommend that Montgomery County provide a stool for Plaintiff's use in the new role as liquor store clerk, so that Plaintiff could reach the bottom shelves without having to bend lower than thirty-five degrees and so that he could use it at the register if needed.  (Opposition, p. 2). Plaintiff appears to allege that the use of a stool would allow him to do the work of the liquor store clerk. (*Id.*). Plaintiff was otherwise qualified for the position of liquor store clerk. (*Id.*, p. 3).

In April 2021, Plaintiff received a letter from Defendant, in which it stated that it would not accommodate his disability. (Complaint, p. 6; ECF No. 33-5 "ABS Letter"). According to Plaintiff, Defendant did not "recognize" his reclassification, and Plaintiff was "excluded in any decision" related to his disability. (Complaint, p. 7; Opposition, p. 3). Furthermore, Defendant "chose not to accommodate" his limitations with the accommodations that he and Dr. Sylvester at OMS had agreed were appropriate (*Id.*).

**B.  Additional Facts Offered by Defendant[4]**

On November 19, 2018, Plaintiff was evaluated and determined to no longer be able to perform his role as a "truck driver/warehouse worker." He was placed on a light duty assignment. (Memorandum, p. 3).

On January 18, 2019, Plaintiff commenced a ninety-day period of "priority consideration" during which he would be considered for vacancies. (*Id.*). During that period, Plaintiff applied for disability benefits with the County. (*Id.*). On April 30, 2019, Defendant extended an offer of employment to Plaintiff as a "Liquor Store Clerk II," conditional upon Plaintiff being declared fit for duty by OMS. (Memorandum, p. 4). Plaintiff then had hip replacement surgery on May 6, 2019, but he did not produce the results of his surgery within the priority consideration period. (*Id.*). As a result, the Office of Human Resources of Montgomery County "rescinded Plaintiff's conditional offer for failure to obtain medical clearance." (*Id.*). At the same time, ABS sent Plaintiff a "Notice of Proposed Termination," citing that he had not secured alternate placement. (*Id.*).

Because Plaintiff was awarded disability benefits effective May 24, 2019, Defendant did not issue a final "Notice of Termination." (*Id.*). On October 14, 2019, Plaintiff filed a Charge of Discrimination with the EEOC alleging disability discrimination, and on March 10, 2020, Plaintiff filed a grievance challenging his termination with the Montgomery County Merit System Protection Board. (*Id.*).

On October 13, 2020, the parties executed a settlement agreement as a way to resolve this matter entirely. (*Id.*). Per that agreement, Plaintiff agreed to waive any "claims/suits pursued or

---

[4] Although the Court sets forth Defendant's version of events here, it does so merely to identify how Defendant views some of the facts in issue. The Court does not find that it can credit the Defendant's version of events contained in the documents attached to its pleading at this procedural stage, as set forth more fully below in Sections III.C and III.D.2.

initiated by [Plaintiff]." (Memorandum, p. 5.). In exchange, Defendant offered Plaintiff a position as a liquor store clerk conditioned upon Plaintiff receiving medical clearance from OMS. (*Id.*). Thereafter, Dr. Salvatore Sylvester examined Plaintiff and ultimately concluded that Plaintiff was "restricted from lifting more than [fifty] pounds and was unable to squat." (*Id.*).

After Plaintiff filed a Charge of Discrimination with the EEOC in which he alleged that the Defendant failed to provide a reasonable accommodation, ABS notified Plaintiff that he was not medically cleared to perform the work of a liquor store clerk. (Memorandum, p. 6).  ABS also notified Plaintiff that it would not accommodate his physical limitations. (*Id.*).

## II.   PROCEDURAL HISTORY

 After he was terminated, Plaintiff contacted the EEOC in July 2020 and alleged that he was discriminated against by "Montgomery County." (Complaint, p. 6). In January 2021, Plaintiff filed a Charge of Discrimination with the EEOC, alleging that his employer had discriminated against him based on his disability, namely by failing to provide him a reasonable accommodation. (Complaint, p. 6). On March 19, 2021, the EEOC issued a Notice of Right to Sue Letter. (ECF No. 1-1).

On May 6, 2021, Plaintiff filed suit in this Court, asserting that his former employer failed to accommodate him, in violation of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §§ 12101, 12112-12117.  (Complaint). On February 3, 2022, Defendant filed its Motion. (ECF No. 33). Plaintiff has filed an opposition to the Motion, and the Defendants have filed a reply. (ECF Nos. 35, 36).  In addition, Plaintiff has filed a "Motion to Reply to the Reply filed by the Defendant," ("Plaintiff's Reply Motion") and the Defendant has filed an opposition thereto. (ECF Nos. 37, 38).

## III.    DISCUSSION

### A.   Additional Facts Alleged by Plaintiff

Plaintiff's Opposition contains factual averments that were not set forth in his Complaint. As a preliminary matter, then, the Court must determine whether it can consider these new facts when resolving the motion to dismiss.

Ordinarily, a plaintiff may not amend his pleading by filing an opposition.[5]  However, this Court has a duty to construe *pro se* pleadings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Under certain circumstances, a court may consider additional facts and information provided in an opposition to a motion to dismiss even though they were not advanced in a *pro se* complaint. Specifically, a court may consider these allegations as long as the new facts support the claims articulated in the original complaint. *Johnson v. United Parcel Serv., Inc*., Civ. No. JKB-19-1916, 2020 WL 231379, at *4 (D. Md. Jan. 15, 2020); *Arije v. Pointcross Life Scis.*, Civ. No. JKB-18-3119, 2019 WL 652426, at *3 (D. Md. Feb. 15, 2019); *Higgs v. Airframe Modification Pro. Mechanics, Inc*., Civ. No. JKB-10-2379, 2011 WL 1637637, at *2 (D. Md. Apr. 29, 2011).

In this case, the Court finds that Plaintiff has provided additional facts in his Opposition to clarify and support the allegations that he set forth in his Complaint.  Accordingly, the Court will consider these additional facts when determining whether Plaintiff has stated a plausible claim that entitles him to relief. *See Johnson*, 2020 WL 231379, at *4.

---

[5]Plaintiff's assertion of new facts could be construed as seeking to amend his complaint. Federal Rule of Civil Procedure 15(a)(1)(B) gives a plaintiff the freedom to amend his complaint once as a matter of course within twenty-one days after service of a motion under Rule 12(b), (e), or (f). In this case, Plaintiff was served via email with the Motion on February 3, 2022. (ECF No. 32). Plaintiff filed his Opposition twenty-eight days later, on March 3, 2022. Accordingly, the Plaintiff may not amend his Complaint as a matter of course under Rule 15 but may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend when "justice so requires." Fed. R. Civ. P. 15. However, as set forth above, the Court need not resolve this issue under Rule 15.

**B.  Surreply**

The Court now turns to the issue of whether it must consider Plaintiff's Reply Motion.  As a practical matter, Plaintiff is seeking leave to file a surreply. Defendant opposes Plaintiff's surreply request.

The Court's January 3, 2022, Order did not authorize Plaintiff to file a surreply.  (*See* ECF No. 32). In addition, Local Rule 105.2(a) (D. Md. 2021) provides that a party is not permitted to file a surreply without permission of the court.

Although the filing of a surreply "is within the Court's discretion," it is also "generally disfavored." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015). A surreply may be permitted by the Court when the party seeking to file the surreply "would be unable to contest matters presented to the court for the first time" in the opposing party's reply. *Courtney-Pope v. Bd. Of Educ. Of Carroll Cty.*, 304 F. Supp. 3d 480, 484 (D. Md. 2018) (quoting *Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 529 (D. Md. 2014)) (internal quotation marks omitted). However, a surreply is not generally permitted where the pleading merely responds to issues raised in the opposition. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605–06 (D. Md. 2003). Nor will a surreply be permitted where it "merely identif[ies] inaccuracies in the opposing party's reply brief." *Barnes v. Costco Wholesale Corp.*, Civ No. JKB-18-3377, 2019 WL 4933070, at *2 (D. Md. Oct. 7, 2019) (citing *Khoury*, 268 F. Supp. 2d at 606).

The Court finds that Defendant's reply pleading does not raise any new issues; rather, it responds to the arguments raised in Plaintiff's Opposition. Moreover, Plaintiff's Reply Motion reiterates and elaborates on the arguments made in his Opposition and merely identifies

disagreements with the arguments articulated in Defendant's reply pleading. Accordingly, the Court declines to consider Plaintiff's Reply Motion.

### C. Motion for Summary Judgment

Defendant's Motion is styled as a "Motion to Dismiss, or, Alternatively, Motion for Summary Judgment." According to the Defendant, as a preliminary matter, this Court should construe the motion as one for summary judgment pursuant to Fed. R. Civ. P. 56 because there are sufficient facts available upon which the Court can rely to resolve the Motion. In particular, the Defendant avers that the exhibits attached to the Motion show that there is no genuine issue of material fact, and the Defendant is entitled to judgment as a matter of law. (Motion, pp. 7-8).

This Court must decide whether it should consider the motion as one for summary judgment now, given that formal discovery has not occurred. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (summary judgment usually inappropriate when parties have not had an opportunity for "reasonable discovery")

Pursuant to Rule 12(d), if a court considers matters outside of the pleadings, it must treat the motion as one for summary judgment. Converting a pleading into a summary judgment motion is only appropriate under certain circumstances.   In particular, the Fourth Circuit has held that "[w]hen dealing with *pro se* litigants, . . . it is particularly important that the litigant either have notice and a chance to file appropriate supplementary materials for a summary judgment proceeding, or at least have had a full opportunity to present all the matter [the Court] would have needed to render summary judgment." *Dolgaleva v. Virginia Beach City Public Sch.*, 364 F. App'x. 820, 825 (4th Cir. 2010) (citing *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir.1979)). Put another way: (1) the nonmoving party must have notice that the Rule 12(b)(6) motion will be treated like a summary judgment motion; and (2) the nonmoving party "must be afforded a

reasonable opportunity for discovery" in order to obtain information to aid it in opposing the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted).

"Notice" means that the nonmoving party is aware that the movant wants the court to consider materials outside of the Complaint. *Ridgell v. Astrue*, DKC-10-3280, 2012 WL 707008, *7 (D. Md. Mar. 2, 2012) (*pro se* litigant had requisite notice where the motion was styled "in the alternative," and both parties attached documents and/or affidavits to their respective filings). Here, the Plaintiff can be fairly held to have notice because the Motion is styled in the alternative.

Regarding a reasonable opportunity for discovery, the party opposing summary judgment must argue that more time was needed for discovery to aid it in opposing the motion." *Staggers*, 2021 WL 5989212, at *7. Typically, the nonmovant must file an affidavit or declaration pursuant to Rule 56(d), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without additional discovery. Fed. R. Civ. P. 56(d); *Staggers*, 2021 WL 5989212, at *7. However, if the non-moving party has "adequately informed the [Court] that the motion is premature and that more discovery is necessary," then non-compliance with the affidavit requirement may be excused. *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d at 214, 244 (4th Cir. 2002). Formal, full discovery relevant to establishing all of the key factual issues in this case has not yet occurred.[6]

Plaintiff has not filed an affidavit under Rule 56(d). However, in his opposition, Plaintiff stated that he "can and will substantiate any examples [he has] used in this opposition." (Opposition, p. 2). Plaintiff also requests that the Court allow "these proceedings to go on to the next level." (*Id.*, p. 4). The Court construes all of these statements as a request by a *pro se* plaintiff

---

[6] On September 28, 2021, this Court ordered the parties to engage in limited written discovery, consisting of documents related to ABS's decision not to accommodate Plaintiff's disability, documents related to Plaintiff's "fit for duty" exam, and the settlement agreement entered into between the parties. (ECF No. 28).

for additional discovery, and the Court finds that Plaintiff has adequately informed the Court in this regard. *See Harrods*, 302 F.3d at 244-45 (party's representations to the court served as "functional equivalent" of required affidavit). In light of the record, Plaintiff's asserted need for this additional discovery, and in consideration of his *pro se* status, the Court holds that summary judgment is premature.

In sum, the Court finds that converting this motion to one for summary judgment under Fed. R. Civ. Proc. 12(d) and 56 is not appropriate at this stage in the proceedings. The Court will construe Defendant's pleading solely as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

**D. Motion to Dismiss**

*1. Standard of Review*

A defendant who files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is asserting that, even if a court construes the facts advanced in the Plaintiff's complaint as true, that complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient facts and must state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint must set forth enough facts as to suggest a "cognizable cause of action"). A claim has "facial plausibility" when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints must be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pandus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also* Fed. Rule. Civ. Proc. 8(f) ("All pleadings shall be so construed as to do

substantial justice").  A court "does not resolve contests surrounding the facts [or] the merits of a claim."  *Ray*, 948 F.3d at 226 (citation omitted).

### 2. Documents Considered by the Court

In support of its Motion, Defendant attached ECF Nos. 33-2 through 33-5, which are: (1) a signed settlement agreement; (2) a memorandum from OMS and a job description for a Liquor Store Clerk II; and (3) an April 14, 2021 Letter, which states that ABS would not be able to accommodate Plaintiff's physical limitations.

In general, a Rule 12(b)(6) motion tests the sufficiency of a complaint, and a court's evaluation is "limited to a review of the allegations of the complaint itself."  *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (quoting *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013)). However, a court may consider a "document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Staggers v. Becerra*, Civ. No. ELH-21-231, 2021 WL 5989212, at *11 (D. Md. Dec 17, 2021) (quoting *Goines*, 822 F.3d at 166). To be "integral," a document must "by its 'very existence, and not the mere information it contains, give[] rise to the legal rights asserted.'" *Parker v. Children's Nat'l Med. Ctr.*, Inc., Civ. No. ELH-20-3523, 2021 WL 5840949, at *5 (D. Md. Dec. 9, 2021) (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point*, LLC, 794 F. Supp. 2d 602, 611 (D. Md. 2011)).

Here, Plaintiff disputes the validity and authenticity of the settlement agreement, and the memorandum and job description are not referenced in his Complaint or Opposition. The Court does not find the signed settlement agreement, the memorandum or job description to be integral to the Complaint, so the Court will not consider them.  *See Staggers, supra*, at *11 (dispute about

document's authenticity precludes consideration); *Smith v. McCarthy*, Civ. No. ELH-20-419, 2021 WL 4034193, at \*13 (D. Md. Sept. 3, 2021) (declining to consider settlement agreement appended to motion to dismiss where parties disputed scope of agreement); *Johansson v. Prince George's Cnty. Pub. Sch.*, Civ. No. DKC 13-2171, 2014 WL 3345054, at \*7 (D. Md. July 7, 2014) (in an ADA failure to accommodate case, court declined to consider job description appended to movant's motion to dismiss).

Regarding the April 2021 ABS letter, Plaintiff does not argue that this letter should be excluded and appears to quote parts of the letter in his Opposition. (Opposition, p. 3). Indeed, Plaintiff references this letter to support his argument that he was not accommodated. (*Id.*). In addition, Plaintiff does not dispute the authenticity of this letter. Accordingly, the Court may consider this document without converting the motion into a summary judgment motion. *See Rush v. American Home Mortg., Inc.*, Civ. No. WMN-07-854, 2009 WL 4728971, at \*3 (D. Md. Dec. 3, 2009) (court considered documents in resolution of motion to dismiss, where plaintiff referenced the documents in the complaint and did not dispute them).

3. *Failure to Accommodate Disability*

Defendant asserts that Plaintiff has failed to sufficiently plead a failure to accommodate by the Defendant.

Under the ADA, an employer may not "discriminate against a qualified individual on the basis of disability," 42 U.S.C. § 12112(a).  This discrimination can include the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." 42 U.S.C. § 12112(b)(5)(A). A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8). Essential

12

functions, in turn, are "functions that bear more than a marginal relationship to the job." *EEOC v.*

*Womble Carlyle Sandridge & Rice LLP*, 616 F. App'x. 588, 593 (4th Cir. 2015) (citing *Tyndall v.*

*Nat'l Educ. Ctrs., Inc.*, 31 F.3d 209, 213 (4th Cir. 1994); *see* 29 C.F.R. § 1630.2(n)(1)-(3).

> In order to demonstrate a *prima facie* case of failure to accommodate, Plaintiff must allege:
>
> (1) that he was an individual who had a disability within the meaning of the statute;
> (2) that the [employer] had notice of his disability;
> (3) that with reasonable accommodation he could perform the essential functions of the position [essentially that Plaintiff is a "qualified individual" under the statute]; and
> (4) that the [employer] refused to make such accommodations.

*Wilson v. Dollar General Corp.*, 717 F.3d 337, 345 (4th Cir. 2013) (quoting *Rhoads v. Fed. Deposit*

*Ins. Corp.*, 257 F.3d 373, 387 n. 11 (4th Cir. 2001)). Where an employee communicates to his

employer his disability and a desire for an accommodation, the employer has a duty to engage in

an interactive process to identify a reasonable accommodation. *Wilson*, 717 F.3d at 346-47. The

ADA regulations further provide that this process "should identify the precise limitations resulting

from the disability and potential reasonable accommodations that could overcome those

limitations." 29 C.F.R. § 1630.2(o)(3).

In its pleadings, Defendant does not appear to dispute the first and second *Wilson* factors.

Defendant asserts, however, that Plaintiff has not alleged sufficient facts to plausibly establish that

he was a qualified individual.  In particular, Defendant argues that: (1) Plaintiff cannot perform

the essential functions of the liquor store clerk job, including lifting more than fifty pounds; and

(2) no reasonable accommodation would enable Plaintiff to perform the essential functions of the

position. Next, the Defendant argues that Plaintiff fails to adequately plead how Defendant refused

to make a reasonable accommodation. Specifically, Defendant argues that it engaged in the

interactive process. Plaintiff counters that: (1) with the reasonable accommodation of a stool, he

could perform the essential functions of the liquor store clerk role; and (2) he requested a reasonable accommodation, and that accommodation was denied by Defendant.

      a. <u>Qualified Individual</u>

To determine whether a plaintiff is a "qualified individual," courts engage in a two-step process. First, does the plaintiff allege "that [he] 'could perform the essential functions of the job,' consisting of 'functions that bear more than a marginal relationship to the job at issue.'" *Carter v. Montgomery Cnty., Maryland*, Civ. No. TDC-18-2249, 2019 WL 3804765, at \*5 (D. Md. Aug. 13, 2019) (quoting *Tyndall v. Nat'l Educ. Centers, Inc. of California*, 31 F.3d 209, 213 (4th Cir. 1994)). Second, if not, is there a reasonable accommodation that an employer can make that would enable the plaintiff to perform a job's essential functions. *Id.* Put another way, a plaintiff bears the burden to allege that he could perform the essential functions of a position "with or without reasonable accommodation." *E.E.O.C. v. Womble Carlyle Sandridge & Rice, LLP*, 616 F. App'x 588, 593 (4th Cir. 2015) (quoting 42 U.S.C. § 12111(8)) (internal quotation marks omitted).

Regarding the determination of what are the essential functions of a position, the Fourth Circuit has held that an employer's judgment merits "considerable deference." *Elledge v. Lowe's Home Ctrs., LLC*, 979 F.3d 1004, 1009 (4th Cir. 2020). A job description, while relevant, is not dispositive of what constitutes the essential functions of a position. *Id.* at 1009. Instead, "a court performing the essential functions inquiry must consult the full range of evidence bearing on the employer's judgment." *Id.*; *see also* 29 C.F.R. § 1630.2(n)(3) (non-exhaustive list of kinds of evidence to aid a court in determining whether a job function is essential).

For a plaintiff to plausibly allege that he could perform the essential functions of a position, courts in this District have also held that a plaintiff must give a description of the kind of work she or he would perform. *Jeffries v. Wal-Mart Stores E.*, Civ. No. GJH-15-473, 2016 WL 3771241,

at *4 (D. Md. July 11, 2016), *aff'd sub nom. Jeffries v. Wal-Mart Stores E., L.P.*, 669 F. App'x 634 (4th Cir. 2016) (holding that where plaintiff conclusorily alleged that a given accommodation would enable her to "perform the essential functions of her job," with no description of her work, she did not sufficiently plead that she could perform the essential functions of her position); *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 623 (D. Md. 2014) (same).

Next, a "reasonable accommodation" may consist of "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies. . . [,] and other similar accommodations." *Wirtes v. City of Newport News*, 996 F.3d 234, 240 (4th Cir. 2021) (citation omitted); *see also* 42 U.S.C. § 12111(9)(B). The Fourth Circuit has further held that a "reasonable accommodation is one that is feasible or plausible," and that ascertaining the reasonableness of a proposed accommodation is a factual question. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 414, 416 (4th Cir. 2013); *see also Plummer v. Wright*, TDC-16-2957, 2017 WL 4417829, *9 (D Md. Oct. 3, 2017) (denying motion to dismiss where plaintiff alleged an accommodation that was not "facially unreasonable").

Turning first to the Defendant's essential functions argument, the Court has declined to consider the appended job description, as set forth more fully, *supra* Section III.D.2. In addition, the Court declines to accept at face value Defendant's assertion of what constitutes an essential function for the position of liquor store clerk at this procedural stage (i.e., before discovery). Plaintiff has alleged that with an adjustable stool, he would be able to reach the lower shelves in the store without bending too much, and he would be able to adequately use the cash register without becoming too tired. (Opposition, pp. 3-4). In short, Plaintiff has provided a description of how he would be able to perform the demands of the job with a stool. Construing all reasonable

15

inferences in the light most favorable to Plaintiff, he has alleged that he could perform the essential functions of the liquor store clerk job with an accommodation. In addition, because the Court finds that the use of a stool is not a "facially unreasonable" accommodation, Plaintiff has sufficiently alleged that with the use of a reasonable accommodation he can perform the essential functions of the position, and therefore, he is a qualified individual. *See Plummer*, 2017 WL 4417829, at *9.

### b. Refusal to Make Accommodation

Implicit in the fourth element of the *Wilson* test is the requirement "that the employer and employee engage in an interactive process to identify a reasonable accommodation." *Haneke v. Mid-Atl. Cap. Mgmt.*, 131 F. App'x 399, 400 (4th Cir. 2005) (citing 29 C.F.R. § 1630.2(o)(3)). When an employee communicates his disability and desire for an accommodation, the employer has a "good-faith duty" to engage in this interactive process. *Jacobs*, 780 F.3d at 581. An employee does not need to allege a specific, reasonable accommodation. *See id.*

Construing all reasonable inferences in favor of the Plaintiff, Plaintiff has plausibly pleaded that he informed Defendant of his disability and expressed a desire for an accommodation. Plaintiff alleges that in July 2019, he told his employer that he wanted to take the reclassification to another position, rather than be placed on permanent disability. In November 2020, Plaintiff spoke to Dr. Sylvester about specific ways he could be accommodated to perform his job in light of his limitations, namely through the use of a stool. According to Plaintiff, Defendant "chose not to accommodate" his limitations with the accommodations proposed by Dr. Sylvester. (Opposition, p. 3). Plaintiff has sufficiently alleged that he requested a reasonable accommodation, and that Defendant did not provide one. *See Allen v. Discovery Commc'ns, LLC*, Civ. No. PWG-15-1817, 2016 WL 5404558, at *8 (D. Md. Sept. 28, 2016) (plaintiff sufficiently alleged failure to

accommodate where a doctor's note generally requested "reasonable accommodations," and the employer did not provide an accommodation).

In sum, Plaintiff has sufficiently pleaded a claim of Failure to Accommodate under the ADA, and the Motion is denied.

## IV.   CONCLUSION

For the foregoing reasons, the Motion to Dismiss, (ECF No. 33), filed by Defendant, will be denied, and the Reply Motion, (ECF No. 37), filed by Plaintiff, will be denied.

A separate order will follow.


Dated:  August 30, 2022

                    _____/s/_____
                    The Honorable Gina L. Simms
                    United States Magistrate Judge

17